Joseph EICHINGER, Plaintiff

and

Commodity Credit Corporation, a corporation, Plaintiff-Intervenor

v.

FIREMAN'S FUND INSURANCE COMPANY, a corporation, The Home Insurance Company, a corporation, and Thomas J. Ryan, doing business as Ryan Construction Company, Defendants.

Civ. No. 051.

United States District Court
D. Nebraska.
Feb. 20, 1957.

W. C. Fraser and Hird Stryker, Jr., Fraser, Crofoot, Wenstrand, Stryker & Marshall, Omaha, Neb., E. T. Conmy and E. T. Conmy, Jr., Conmy & Conmy, Fargo, N. D., for plaintiff.

Robert Vogel, U. S. Atty., Fargo, N. D., for plaintiff-intervenor.

Donald N. Clausen, Clausen, Hirsh & Miller, Chicago, Ill., John S. Samson, Omaha, Neb., and Herbert G. Nilles, Nilles, Oehlert & Nilles, Fargo, N. D., for defendants, insurance companies.

Daniel J. Gross and Harold W. Kauffman, Gross, Welch, Vinardi & Kauffman, Omaha, Neb., for defendant, Ryan.

DELEHANT, Chief Judge.

In a variety of ways the defendants, insurance companies, have jointly demanded that in the trial of this action they be accorded, as against the several, but related, prayers of plaintiff and plaintiff-intervenor a trial separate and apart from the trial of the issues as between the plaintiff and plaintiff-intervenor on the one hand, and defendant, Ryan on the other. The defendants, insurance companies thereby object to being compelled to defend against the claims of plaintiff and plaintiff-intervenor in a single trial, during which also the defendant, Ryan is being proceeded against by the same claimants. The defendants, insurance companies make their demands for a trial separate from the trial of the issues against defendant, Ryan in these pleadings, at least: (a) a motion (filing 52), (b) an amended motion (filing 65), and (c) their joint answer in its prayer (filing 71). The enumeration of those three pleadings is not to be understood as precluding the possibility that a like demand may be contained in one or another of the many unmentioned pleadings in this voluminous file. It may be understood that the demand for separate trial of the defendants, insurance companies is resisted in argument and briefs by both the plaintiff and the plaintiff-intervenor, and also by defendant, Ryan. The demand is considered to have been submitted fully and to invite a present ruling.

In passing, it is observed that, by the same order in which defendants, insurance companies were permitted to file their amended motion, they were also allowed to tender a motion for trial without a jury. The writer's present search of the files fails to disclose any motion for trial without a jury; and it is, therefore, assumed that none has been served and filed. (That is said in full awareness that in filing 52, supra, the defendants, insurance companies assert that all actions by or against Commodity Credit Corporation must be tried with-

out a jury, but do not make formal demand for trial in that manner). And while the writer recalls an informal discussion between counsel herein of the ground upon which a motion to that end might be poised, he does not remember any formal submission of such a motion. Accordingly, the present announcement will be concerned only with the demand for a separate trial.

To come at once to the announcement of the ruling, the demand for a separate trial, in all of the pleadings in which it is tendered is being denied and overruled. And a single order is being made and given to that effect. A very brief comment upon the order will now be offered, in which, however, no effort will be made, point by point to itemize and balance, one view against the other, the considerations favorable, against those unfavorable, to the demand.

Respectfully mindful of the hazard of oversimplification which confronts one who attempts briefly to summarize an extended and somewhat complex pleading, the court feels that the substance of plaintiff's complaint as amended may be noted in a narrowly abbreviated way. He was the owner of a large grain terminal elevator at Fargo, North Dakota which he built in 1954, as he alleges, pursuant to plans and specifications prepared, and under supervision and direction provided under a contract therefor, by defendant Ryan. The structure and its contents were allegedly covered under policies of indemnity insurance issued for due consideration by the defendants, insurance companies in each of which one of the perils insured against was direct loss by explosion. Plaintiff alleges the destruction, during the effective period of the policies, of the building and its contents as a direct result of an explosion, or as a direct result of negligence in the performance of his agreed duties by defendant Ryan, or as a direct result of explosion and the negligence of defendant Ryan in combination, to plaintiff's damage in a large sum of money. The prayer of the complaint (in presently material part) follows:

"Wherefore plaintiff prays that he have judgment against the defendant Fireman's Fund Insurance Company for the sum of $340,000.00 with interest from June 12, 1955, and judgment against Fireman's Fund Insurance Company and The Home Insurance Company for the further sum of $722,069.82, with interest from June 12, 1955, or that he have judgment against the defendant Thomas J. Ryan doing business as Ryan Construction Company for the sum of $380,000.00 with interest from June 12, 1955, and for the further sum of $722,069.82 with interest from June 12, 1955, or that he have a joint judgment against the defendants Fireman's Fund Insurance Company and Thomas J. Ryan doing business as Ryan Construction Company, for the sum of $340,000.00 with interest from June 12, 1955, because of loss of the building and its contents (exclusive of grain) and a joint judgment against Fireman's Fund Insurance Company, The Home Insurance Company and Thomas J. Ryan for the further sum of $722,069.82 with interest from June 12, 1955, because of the grain loss and damage and a further judgment against Thomas J. Ryan, doing business as Ryan Construction Company alone, for the sum of $40,000.00, being the difference between the value of the building and contents destroyed (exclusive of grain) and the $340,000.00 insurance coverage."

In its complaint and petition in intervention, plaintiff-intervenor generally associates itself with plaintiff in asserting grounds for recovery against the several defendants; alleges its ownership of designated items of the grains stored in plaintiff's elevator at the time of its destruction and the value thereof and its damage in the total sum of $722,108.99,

with the assertion of a cross claim based on contract against plaintiff for the larger part of such damages. And it prays judgment:

"(1) Against Defendants Fireman's Fund Insurance Company and The Home Insurance Company, or Thomas J. Ryan, doing business as Ryan Construction Company, or against both said insurance companies and Thomas J. Ryan, doing business as Ryan Construction Company, in the sum of $722,108.99.

"(2) Against Plaintiff Joseph Eichinger in the sum of $635,435.98.

"(3) That any sums realized and applied on either of said judgment amounts be applied on the other judgment amount above specified.

"(4) That it have its costs and disbursements herein."

By way of defense, defendants insurance companies joining in a single answer, and defendant, Ryan answering individually, deny liability to either claimant. No defendant demands affirmative relief.

Rule 20 of the Federal Rules of Civil Procedure, 28 U.S.C.A., having to do respectively with the permissive joinder of parties and the right to allow separate trials, is in the following language:

"(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

"(b) Separate Trials. The court may make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom he asserts no claim and who asserts no claim against him, and may order separate trials or make other orders to prevent delay or prejudice."

 Counsel for the contending parties are not in material disagreement upon either of two prime considerations underlying the present ruling. These are, first, that the right of a claimant permissively to join two or more defendants within the thought of Rule 20(a), supra, and his resort to that right, do not make it imperative that the claims against the defendants so joined be determined in a single trial and by a single judgment; and secondly, that whether a demand such as is now made is to be allowed or denied rests in the mature, judicial discretion of the court. The court assents to, and undertakes to observe, those considerations. The room and necessity for the exercise of that measure of discretion are clearly implicit in the quoted language of Rule 20 (b).

 As a preliminary reflection, it may well be recognized that within the thought of the Rules as a whole, and as a procedural charter, there is an impalpable suggestion that, in default of controlling considerations to the contrary, a single submission of all of the issues in a civil action should be favored rather than their resolution in piecemeal trials. An unnecessary multiplication of

trials would go far towards the frustration of the program which provides for liberality in the joinder of claims and parties and even the consolidation for trial of separate, but related, actions. But this generalized inclination towards the holding of the fewest practicable trials in a single suit is no more than that. Specifically, it is not a rule of procedure that inflexibly controls in disregard of the proprieties and needs of the individual case. So, the courts must determine motions like those now before this tribunal upon a case to case basis; and must appraise each case according to its own setting and issues. And that is the thought with which this ruling has been approached and is being made.

■ The conflicting wishes of the parties has been respectfully considered. It should always be, though not to the extent of according it, even where they agree, an absolutely controlling influence. But here, manifestly there is no agreement, but rather are directly conflicting positions, as between the parties upon the point. There is, accordingly, no fairly common wish of the parties.

■ The comparative expense of each of the advanced alternatives has to be, and has been, considered. And as a factor it predominates strongly on balance in favor of a single trial. If two trials should be had, one limited to the issues as against the defendants, insurance companies, the other to those as against the defendant, Ryan, much the greater part of the evidence would have to be adduced in both trials. This is assuredly true of the evidence and testimony dealing with the character and extent of the damages. But it is also true, though with discernible shadings, of the evidence relevant to the cause of the damage; for, though with a notably different thrust, the cause of the damage, that is to say of the collapse of the elevator, lies at the heart of each claim, the one against the insurance companies and the one against Ryan. And the file in this action, through many of its items

compels the conclusion that the expense now being adverted to will be, and undoubtedly already has been, unusually large. On the score of expense the court may not wholly put aside the element of the unrecoverable cost to the government, which would almost be doubled by two trials. But that is a relatively minor factor. What matters most is the comparative cost to the parties. And that, as the court is persuaded, would be grossly magnified by multiple trials. Two trials would be much more expensive than one, even for the separate defendants. And the added burden of a second trial might well be ruinous to the original plaintiff. Economy, therefore, is one of the considerations that move the court to the conclusion at which it has arrived.

Closely related to the subject of financial expense, indeed interlocked with it, is the problem of the consumption of time, whether of the litigants and their counsel, or of the court. Its weight in the scale inclines in exactly the same way as the cost in money. For the litigants and counsel that is not a negligible factor. And, administratively, it poses a considerable problem for the court which, in finding time for the processing of its trial calendars, must be frankly reluctant unnecessarily to remasticate the food that is set before it in such abundance.

Of course, the major considerations to which the court must advert are those which are concerned with the fair and just final disposition of the litigation. If that may be accomplished only, or with demonstrably greater assurance, through separate trials, separate trials should be had, despite contrary arguments of convenience and economy. But the court is convinced that separate trials are not required on that score.

■ It is argued that in a single submission against all defendants of the case as it is now formulated, plaintiff and plaintiff-intervenor may be able, and may even be expected, to "play one set of defendants off against the other", and may

thereby hope to win on the score of their sobering losses rather than on the basis of a genuine legal liability on the part of their several adversaries. That a temptation to embark upon such trial tactics may be presented to the claimants has to be acknowledged. But it is regarded as improbable that it will be seductive enough to lead the moving parties to embrace it. They are in a position much too vulnerable to the court's undoubted control of the trial and disciplinary authority to allow the supposition that they will undertake to try anything but the case as they have undertaken to make it out on paper. That danger may exist that a jury will somehow, and regardless of the ultimate facts of liability, undertake to fasten responsibility upon one, or more, or all of the defendants from considerations of sympathy towards plaintiff on account of his probably staggering damage is undoubtedly true. Such a feeling would be less likely, and less appealing, in behalf of plaintiff-intervenor. But that danger is present in almost every action in which two or more defendants are sued on a single claim in support of which joint, or joint and several, or alternative liability is asserted. Recognizing that the point made is not wholly insignificant, and that in some measure it supports the demand for separate trials, the court does not regard it as sufficiently persuasive to require the granting of the request of the moving parties.

It is also asserted, not wholly without force, that the issues as against the separate groups of defendants are of such character that they may not be presented to a single jury with a degree of clarity adequate to their intelligent comprehension and answer. That the case does confront the trial judge with a task of sobering magnitude and delicacy, the court unhesitatingly grants. It also imposes a heavy burden of discrimination in advocacy upon the attorneys by whom it will be tried. But the court is convinced that neither the duty of the trial judge nor that of counsel is necessarily, or reasonably, beyond intelligible performance in the exercise of the care requisite for it. Impossibility of such performance certainly would require that there be separate trials. Difficulty of execution, however austere if short of practical impossibility, should not. Both judge and counsel may prefer becomingly to avoid the performance of notably difficult assignments. Neither should evade them by cowardly flight.

Upon a final point strongly supported in argument by the moving defendants, the court makes only this unargued observation. In the present posture of the pleadings, it does not appear to the court to be imperative that, if there be a verdict at all for plaintiff and plaintiff-intervenor it be either against defendants insurance companies or against defendant Ryan, and completely impossible that any verdict at all could be returned against both the insurance companies and Ryan.