**Nell ANTHONY, Plaintiff,**

**v.**

**AETNA LIFE & CASUALTY COM-**
**PANY, Defendant.**

**No. 72 C 762.**

United States District Court,
N. D. Illinois, E. D.

June 11, 1973.

Thomas M. Crisham of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for plaintiff.

Willard J. Stepek, Chicago, Ill., for defendant.

MEMORANDUM OPINION
AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff's motion for an order certifying the Court's order of May 29, 1973, denying plaintiff's motion to sever the issues under Rule 42(b), and his motion for

reconsideration. The plaintiff alleges that this Court's order of May 29, 1973, involves a controlling question of law, as to which there is a substantial ground for difference of opinion and that an immediate appeal from said order may materially advance the ultimate termination of the litigation.

The instant suit is a diversity action for breach of an insurance contract. The plaintiff, Nell Anthony, alleges that the defendant, Aetna Life & Casualty Company, by refusing to pay the plaintiff beneficiary, breached an insurance contract entered into by Charles Anthony. The defendant insurance company has filed an affirmative defense claiming the insurance contract was null and void as of the date of issuance because the insured Charles Anthony made material misrepresentations of fact in his application for a policy of insurance. More specifically, the defendant alleges that the application containing the false statements of the insured was attached to and part of the policy of insurance.

The plaintiff on April 17, 1973 moved for this Court to order a separate trial on the issue of whether the application was attached to the insurance policy as required by Illinois Revised Statutes Chapter 73, Sec. 766.

The severance of this issue would in effect sever the defendant's affirmative defense from the trial in chief since the affirmative defense is based on this precise issue.

The plaintiff, in support of the motion to sever, contended:

1. that plaintiff would be greatly prejudiced if required to have this issue tried in an aura of fraud claims by the defendant against the insured;

2. that under the Illinois statutory provisions heretofore stated, the defense is precluded from making such claim if the application, upon which the allegations of fraud are predicated, was in fact not attached to the policy;

3. that the plaintiff has stated that she did not at any time see the application for insurance and medical data taken by the defendant company's examining doctor; and

4. that defendant's agent, Henry Topping, has testified on deposition that he at no time ever saw the part of the application containing the medical information, which is the foundation of defendant's claim of fraud, though he did in fact have the policy in his possession immediately after issue and prior to the insured's death and after the insured's death.

This Court on April 24, 1973 denied the plaintiff's motion to sever stating: "It is the opinion of this Court after examining the pleadings that the separate trial requested by the plaintiff is not proper pursuant to Rule 42 of the Federal Rules of Civil Procedure or necessary in the interest of justice." On May 29, 1973 this Court denied the plaintiff's motion for reconsideration.

The plaintiff, in support of her instant motion for an order certifying this Court's ruling, contends:

1. that the matters presented in plaintiff's Rule 42(b) motion, being the provisions of Illinois Revised Statutes Chapter 73, Section 766, concern a substantive statutory right and not a matter of procedure;

2. that plaintiff is not and was not a party to the alleged fraud of the insured, and will be greatly and unjustly prejudiced by the Court's refusal to allow her the benefit of the substantive statutory right, granted under Illinois law to wit: The right to preclude an insurance company defendant from introducing any evidence of fraud, of

whatsoever kind, in the application when the application was not attached to the policy;

3. that plaintiff will be unable to receive a fair and impartial trial of said issue, as to whether the application was or was not attached to the policy, by a jury inundated and saturated with voluminous documentary and oral testimony of fraudulent concealments by the insured in the same application;

4. that without a resolution of this issue, and in order to preserve plaintiff's substantive rights, plaintiff during the trial would be required to make objections to all testimony or documentary evidence introduced by the defendant, relating to alleged concealments in the application; and

5. that an appeal, if allowed, on the Court's Order of May 29, 1973 would be conducive to a more expeditious and economical resolution of the matters herein to the benefit of both the Court and the parties.

■ It is well established that the granting of separate trials of different issues is a matter within the sound discretion of the trial judge. Bowie v. Sorrell, 209 F.2d 49 (4th Cir. 1953); Shepard v. International Business Machine Corp., 45 F.R.D. 536 (S.D.N.Y.1968); Eichinger v. Fireman's Fund Ins. Co., 20 F.R.D. 204 (D.Neb.1957); Grissom v. Union Pacific Railroad Co., 14 F.R.D. 263 (D.Colo.1953).

There is not a substantive ground for difference of opinion when a matter is within the sound discretion of the trial judge.

■ The parties are at issue over whether the application was attached to the insurance policy, within the requirements of Chapter 73, Section 766.[1] The plaintiff is by no means assured of prevailing in her attempt to prove the application was not attached to the insurance policy. Thus the plaintiff has not as yet established any substantive statutory right to prevent the defendant from invoking its affirmative defense.[2] It is the opinion of this Court that the present posture of the instant case with the joint trial of the allegation of the complaint and the defendant's affirmative defense will not prejudice the jury's verdict or unduly hinder the expeditious and just resolution of the controversy. The microscopic dissection and severance of essentially non-separable issues would not be in the interest of justice and judicial economy. See Cunningham v.

1. Chapter 73, Section 766 provides:
"No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor, of which a copy is attached to or endorsed on the policy, and made a part thereof. No such misrepresentation or false warranty shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company. This section shall not apply to policies of marine or transportation insurance."

2. In fact, the insurance policy contains language which is in keeping with Chapter 73, Section 766 of the Illinois Revised Statutes, and the defendant's contention that the application was attached to the insurance policy. The policy of insurance sued upon by plaintiff provided in relevant part within its "general provisions" as follows:
"The contract—the entire contract consists of this policy and the application for it, a copy of the application being attached to the policy." See page 3 of Exhibit A to the Complaint. Further, the plaintiff, in Exhibit A to the Complaint, which is alleged to be a copy of the insurance policy, includes attached to the insurance policy a copy of the disputed application.

Bail, 407 F.2d 1165 (7th Cir. 1969), cert. denied, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745.

An appeal in this case at this time would delay rather than materially advance the ultimate termination of the litigation. The case as it now stands is virtually ready for trial. If every discretionary issue such as that of separate trials in the instant case became the subject for appeal, the process of litigation would impose an extremely serious burden on both the trial and appellate courts.

It is clear that the order which the plaintiff seeks to appeal does not involve a controlling question of law, as to which there is a substantial ground for difference of opinion nor would an immediate appeal from this Court's Order materially advance the ultimate termination of the litigation.

Accordingly, it is hereby ordered that the plaintiff's motion for an order certifying this Court's Order of May 29, 1973 is denied.