**Francis H. SHEPARD, Jr., Plaintiff,**
v.
**INTERNATIONAL BUSINESS MA-CHINES CORPORATION,**
**Defendant.**
**No. 65 Civ. 1029.**

United States District Court
S. D. New York.

Dec. 13, 1968.

** The defendant has failed to verify his answers to the requests and should do so promptly.

Robert D. Spille, Curtis, Morris & Safford, New York City, for plaintiff.

Charles H. Walker, Fish, Richardson & Neave, New York City, for defendant.

Albert R. Connelly, Cravath, Swaine & Moore, Donald E. Degling, Jules P. Kirsch, Fish, Richardson & Neave, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

This is a patent infringement action in which defendant moves for a separate trial on the issues of validity and infringement and to defer the issue of damages until validity and infringement are determined.

Motions for separate trials are addressed to the discretion of the court, Reines Distributors, Inc. v. Admiral Corp., 257 F.Supp. 619 (S.D.N.Y.1965), and are granted when they "will be conducive to expedition and economy." Rule 42(b), Fed.R.Civ.P. There is no doubt that separate trial of the issues of validity and infringement will provide a more rapid trial. The issue of damages is often more complex than the issues of validity and infringement. Trial of all three issues would only clutter the record and tend to confuse the jury. If validity and infringement are determined in favor of plaintiff, defendant might very well pay the damages to avoid another trial. If these issues are decided against plaintiff, no further trial will be necessary.

Accordingly, the issues of validity and infringement will be tried separately. Swofford v. B & W Inc., 336 F.2d 406 (5th Cir.1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965).

Separate trial of these issues does not divest plaintiff of his right to a jury trial which has been duly demanded and is expressly preserved by Rule 42(b). Plaintiff has a right to a jury trial on the issues of validity and infringement. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098 (1924).

So ordered.