ORGANIC CHEMICALS, INC., Plaintiff,

v.

CARROLL PRODUCTS, INC., Defendant.

No. G 78 40.

United States District Court, W. D. Michigan, S. D.

April 22, 1980.

Edward B. Goodrich, James A. Mitchell, Grand Rapids, Mich., for plaintiff.

Stephen C. Bransdorfer, Boyd A. Henderson, Grand Rapids, Mich., for defendant.

ENSLEN, District Judge.

## STATEMENT OF FACTS

## OPINION ON PLAINTIFF'S MOTION FOR SEPARATE TRIALS

Plaintiff (hereinafter ORGANIC) has asked the Court to decide whether or not separate trials should be held to determine the issues of liability and damages. ORGANIC wants the Court to first decide the question of liability and subsequently, if necessary, the issue of damages. Defendant (hereinafter CARROLL) opposes the separation.

It is important for the Court to resolve this controversy at an early date because the outcome of the motion may well signal what discovery is appropriate between this time and the time of trial. Should the Court decide that separate trials ought to be held, then discovery relating to damages could wait until the question of liability has been resolved. In the event that the Court decides that only one trial should take place, then discovery pertaining to damages may continue.

The Federal Rules of Civil Procedure (Rule 42) permit the Court to conduct separate trials:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Under this Rule the Court is given a method to separate issues. It may do so if: (1) it would avoid prejudice; (2) it would provide for convenience, or; (3) it would expedite the proceedings and be economical. Of course, under general circumstances, a single trial is more likely to satisfy these conditions than a bifurcated trial. *Moss v. Associated Transport Inc.*, 344 F.2d 23 (CA 6 1965). However, in complex cases with complex issues, justice is often best served if issues are separated. *Warner v. Rossignol*, 1 Cir., 513 F.2d 678 (1975).

[2] When courts have addressed the possibility of prejudice, they are usually con-

cerned with the effect that trying several issues will have on juries. This may occur when evidence is admissible only on a certain issue and it is feared that the party may be prejudiced in the minds of the jury. *Anthony v. Aetna Life and Casualty Company*, 60 F.R.D. 101 (ND Ill 1973); *Turner v. Transportacion Maritima Mexicana*, 44 F.R.D. 412 (DC Penn 1968). See also *Larsen v. Powell*, 16 F.R.D. 322 (Colorado 1954) (Fact that insurance might prejudice the jury); *Baker v. Waterman SS Corp.*, 11 F.R.D. 440 (DC NY 1951) (Gruesome nature of injuries might prejudice the jury). This appears to be the type of prejudice to which the rule refers. Such prejudice does not come into play where the action is to be heard by the Court. *In re Paris Air Crash of March 3, 1974*, 69 F.R.D. 310 (DC Cal 1975); *United States v. International Business Machines Corp.*, 60 F.R.D. 654 (1973). Since this matter is to be tried to the Court, and not to a jury, prejudice necessitating separation is not present.

A Court may, also, order that issues in an action be separated if it would be convenient *or* if it would save time or money. Though only one of these conditions must be met to invoke the rule, it often happens that if one is met, so is the other.

In determining whether one or both of these conditions are present courts often try to establish if the issues would involve the same witnesses or not. *Washington Whey Company v. Fairmont Foods Company*, 72 F.R.D. 180 (DC Neb 1976). It is also important to determine whether or not the documentary proof required by the two issues to be separated overlap. *Reading Industries Inc. v. Kennecott Copper Corporation*, 61 F.R.D. 662 (DC NY 1974). In other words are the issues basically unrelated and separable?

In the case at hand, ORGANIC wants the question of liability separated from the question of damages. It wants the Court to first rule if liability exists, and then to determine what would be the appropriate monetary relief. The question of liability involves several distinct areas: including patent issues, contract issues, and issues of tort. The damage issue is concerned to a large extent, with how much; if any, money does ORGANIC owe CARROLL for selling the chemicals at issue to other companies.

If ORGANIC, or CARROLL, were to ask this Court to separate the substantive issues from one another, such as the patent issues from unlawful interference, or with contractual relationships, etc., the Court *might* be inclined to grant such a request. *Universal Athletic Sales Company v. American Gym Recreational and Athletic Equipment Corporation, Inc.*, 397 F.Supp. 1063 (DC Pa 1975). This, of course, assumes that there would not be an overlap in the evidence to be presented and that the issues are clearly separable. *Molinaro v. Watkins-Johnson CEI Division*, 60 F.R.D. 410 (DC Md 1973).

This is not the situation in the case at hand. ORGANIC seeks the separation of liability from damages. Therefore the Court must speak to that issue.

In *Swofford v. B & W Inc.*, 5 Cir., 336 F.2d 406 (1964), the Court of Appeals approved the District Court's decision to separate patent infringement issues from questions of damages. But the Court went on to note:

There is an important limitation on ordering a separate trial of the issues under Rule 42(b), the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice. 336 F.2d 406 at 415.

Neither party in its written response has directly addressed the issue of whether or not the testimony and evidence would overlap. The only information concerning this issue came from CARROLL during oral arguments. CARROLL candidly admitted that it did not know how much overlapping might occur. But its attorney was able to cite one example of possible overlap. This came from one of the affidavits filed in the case. The affidavit, in issue, indicated that evidence concerning customers and sales matters, clearly important to damages, would also be important in proving liability. ORGANIC offered no evidence to disprove this allegation and affidavit.

This example, along with an examination of the file, leads this Court to conclude that it is very likely that there will be an overlapping of evidence and that evidence used to show liability will also be needed to show damages.

Aside from the question of overlapping evidence and witnesses, there is another factor that concerns courts in separation motions. Courts are more willing to grant separate trials in a complex case that is to be heard by a jury. It appears that if the case is so complicated that a jury may be unable to assimilate all the required information, the action ought to be separated. *Shephard v. Internal Business Machine Corp.*, 45 F.R.D. 536 (D.C.1968) (Where the Court separated issues of liability from damages because of possible confusion to the jury). This factor is absent in the instant case, inasmuch as the action is to be heard by the Court.

Even were the Court not to follow the above standard in non-jury trials, it may be sensible to determine if the issues are so complex that it would be more judicious to determine them separately.

There is no question but what the liability issues are complex. This is obvious from the pleadings in this case. However, the question of damages may not be so complex.

CARROLL takes the position that if liability is established, a determination of damages can be made very easily. According to CARROLL: . . . "the contract provides that Carroll is entitled to thirty percent of the gross sales of DMC by Organic. Therefore, the information requested by Carroll, in support of its proofs on damages, may be obtained by simply compiling the gross sales by Organic to third parties, and multiplying that figure by thirty percent." (CARROLL's "Memorandum in Support of the Motion of Carroll Products, Inc. to Comply with Carroll's Discovery Request" page 4).

ORGANIC agrees with this characterization by CARROLL. During oral arguments, ORGANIC stated the only question concerning damages was to determine what is thirty percent of the gross sales of DMC and/or DEC (the chemicals involved).

Since both parties maintain that the issue of damages is simple, the Court will not second-guess them. It will accept the position that the determination of damages in the instant case will not require a myriad of evidence and discovery. There is, therefore, no reason for the Court to separate the issues on the basis of complexity.

The Court will not bifurcate the trial. There has been no showing that the separation would be more convenient or that it would expedite the trial of the case. Rather, the evidence and the arguments presented support the conclusion that the separation of liability for damages is unwarranted.

CARROLL shall prepare an appropriate Order consistent with this Opinion.