## LAITRAM CORPORATION

v.

## HEWLETT–PACKARD COMPANY.

Civ. A. No. 91–4023.

United States District Court,
E.D. Louisiana.

March 30, 1992.

Timothy J. Malloy, Lawrence M. Jarvis, Robert B. Polit, McAndrews, Held & Malloy, Ltd., Chicago, Ill., Barry Louis LaCour, Laitram Corp., Harahan, La., Phillip A. Wittmann, Steven W. Usdin, Dane S. Ciolino, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for plaintiff.

Jonathan A. Marshall, Brian D. Coggio, Stephen J. Harbulak, Edmond R. Bannon, Pennie & Edmonds, New York City, Stewart E. Niles, Jr., Alexander H. Plache, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is defendant's motion for separate trials on the liability issues in this case and on the questions concerning damages and willful infringement, and for a stay of all discovery on damages and willful infringement. For the reasons that follow defendant's motion is DENIED to the extent that defendant requests separate trials with separate juries and a stay of discovery.

However, it is hereby ORDERED that the trial will proceed in three separate and distinct phases. Liability will first be tried to a verdict, and, if necessary, the trial will proceed immediately thereafter to the damages phase before the same jury. The Court will thereafter discharge the jury and receive evidence regarding willful infringement. Discovery will continue as scheduled on all issues in this case.

### I.

Plaintiff, Laitram Corporation, has sued the defendant, Hewlett Packard Company, for patent infringement. Plaintiff contends that calculators the defendant manufactures and sells infringe five Laitram patents (specifically, U.S. patent Nos. 4,547,860; 4,860,234; 4,910,697; 4,924,431; and 4,999,795). The patented inventions are related to calculator technology, and were developed by James P. Lapeyre.

Plaintiff maintains that Mr. Lapeyre disclosed some of the technology related to his patented inventions to defendant, and that defendant initially expressed interest to Mr. Lapeyre. However, plaintiff maintains that defendant later rejected an offer of a license to commercially exploit the inventions. Plaintiff sued after it discovered that defendant was making calculators in violation of Laitram's patents.

Defendant wants the Court to order separate trials on the issues relating to infringement of the patents, and then on the questions concerning damages and willful infringement. Defendant also asks the Court to stay all discovery on damages and willful infringement until after the liability trial.

## LAW AND APPLICATION

Federal Rule of Civil Procedure 42(b) authorizes courts to order separate trials on issues in the same case when separation is appropriate. Rule 42(b) directs:

> The court, in furtherance of convenience, or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim counterclaim, or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims or issues, always preserving inviolate the right of trial by jury as declared by the Constitution or as given by a statute of the United States.

■ Contrary to defendant's contentions, it is not now a "well accepted rule in patent litigation" for courts to proceed first with a liability trial, and reach damages and willful infringement issues in a separate and later trial if necessary. Rather, courts have repeatedly emphasized that whether to bifurcate a trial, even a patent trial, is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis. *See, e.g., Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F.Supp. 1429, 1433 (D.Del.1989); *Smith v. Alyeska Pipeline Serv. Co.*, 538 F.Supp. 977, 982 (D.Del. 1982); *Brad Ragan, Inc. v. Shrader's Inc.*, 89 F.R.D. 548, 550 (S.D. Ohio 1981). Patent cases are no exception.

In patent cases, as in others, separate trials should be the exception, not the rule. *See Kennecott Corporation v. Kyocera International, Inc.*, 7 U.S.P.Q.2d 1911 (S.D.Cal.1988); *Bieltomatic Leuze & Co. v. Southwest Tablet Mfg. Co.*, 204 U.S.P.Q. 226, 227 (N.D.Tex.1979). But that does not mean that there are not often special considerations in patent controversies which make these cases candidates for some kind of special trial management. *See Swofford v. B & W, Inc.*, 34 F.R.D. 15, 19–20 (S.D.Tex.1963), *aff'd*, 336 F.2d 406 (5 Cir.

1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). Still, courts should not order separate trials "unless such a disposition is clearly necessary." *Wolens v. F.W. Woolworth Co.*, 209 U.S.P.Q. 569 (N.D.Ill.1980).

■ Rule 42(b) expresses three separate justifications for bifurcation. A court may separate issues if (1) it would avoid prejudice, (2) it would be convenient to do so, *or* (3) it would be economical or would expedite the litigation to do so. *See Organic Chemicals, Inc. v. Carroll Products, Inc.*, 86 F.R.D. 468, 469 (W.D.Mich.1980). However, the Fifth Circuit has correctly cautioned district courts to bear in mind before ordering separate trials in the same case that the "issue to be tried [separately] must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5 Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). That is, even if bifurcation might somehow promote judicial economy, courts should not order separate trials when "bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Apollo Computer*, 707 F.Supp. at 1433. *See also H.B. Fuller Co. v. National Starch & Chemical Corp.*, 595 F.Supp. 622, 625 (D.Del.1984). Essentially, then, courts must balance the equities in ruling on a motion to bifurcate. *See Apollo Computer, supra*. It is that counsel which animates the Court's decision.

## II.

Defendant asks the Court to order two separate trials and two separate discovery phases. Defendant contends that the first phase of the proceedings should be limited to issues concerning whether it has infringed any valid Laitram patent. Then, only if the jury in the liability trial finds liability, the Court should allow discovery on damages and willful infringement with another trial to thereafter follow on these questions. The Court finds that defendant has not demonstrated that any of Rule 42(b)'s

considerations for bifurcation support defendant's proposal.

■ The Court is mindful of the advantages that bifurcation of the issues in this case could bring. Certainly, some economy in the cost of discovery would be accomplished. But that does not outweigh the significant problems that would arise if the Court were to order two wholly separate trials before two different juries (on the jury issues). Accordingly, the Court holds that there must be a single proceeding in this case, but that the trial should be divided into three separate phases.

The Court will maintain in place the present discovery schedule so that discovery will proceed on all issues. At trial, the parties will first try all issues regarding liability (validity of the patent, enforceability and infringement). The jury will decide whether defendant infringed any valid Laitram patent. If defendant is found to have infringed any Laitram patent, the trial will immediately proceed, before the same jury, to the question of damages (that is, what reasonable royalty does defendant owe plaintiff?). After the jury reaches its damages verdict, the Court will hear the evidence regarding willful infringement, and make a determination whether this is an "exceptional case" in which increased damages and attorney's fees should be assessed under 35 U.S.C. §§ 284 and 285.

### A.

■ Prejudice is the Court's most important consideration in deciding whether to order separate trials under Rule 42(b). The Court must balance two types of competing claims of prejudice. First, those who seek bifurcation of patent cases typically contend, as does the defendant here, that they will be prejudiced because the issues and evidence surrounding infringement and damages in patent cases are complicated and potentially confusing to the jury. Courts have accepted these problems as central concerns in ordering separate trials. *See Mag Instrument, Inc. v. J. Baxter Brinkman International Corp.*, 123 F.R.D. 543, 545 (N.D.Tex.1988) ("[B]ifurca-

tion will eliminate the need for the jury to listen to complex damages testimony which ultimately would have no bearing on the case."); *Organic Chemicals*, 86 F.R.D. at 469–70; *Shepard v. International Business Machines Corp.*, 45 F.R.D. 536, 537 (S.D.N.Y.1968). Trying all the issues at once could clutter the record unnecessarily and make the jury's already challenging task doubly difficult. *Id.* Also, there is the danger (especially perilous in complicated trials with many separate and distinct issues) that the jury will consider evidence that may be admissible on only one issue to the moving party's prejudice on other issues. *See Organic Chemicals, supra.*

■ However, those who are contrary-minded contend, as does the plaintiff, that they will be prejudiced by the considerable delay that will result if the Court orders separate trials and separate discovery periods. *See Joy Technologies, Inc. v. Flakt, Inc.*, 772 F.Supp. 842, 849 (D.Del.1991); *Apollo Computer, supra*, at 1435 (citing *H.B. Fuller, supra*, at 625). An unreasonable delay in a case's resolution amounts to prejudice to the one opposing separation. *See Apollo Computer, supra.* It is clearly not in the public interest.

Defendant has established that the issues in this case are sufficiently complex and so distinct that one trial on all issues could well perplex the jury. It will be difficult enough to educate the jury about the various concepts comprising the validity, enforceability and infringement issues that influence liability.[1] *See Giro Sport Design, Inc. v. Pro–Tech, Inc.*, 10 U.S.P.Q.2d 1863, 1865 (N.D.Cal.1989). To include at the same time proof of the damages issues could risk needless juror confusion.

In this case, plaintiff claims royalty damages for defendant's use of plaintiff's patented inventions. The royalty inquiry reaches at least fifteen separate factors, only a few of which are even tangentially related to liability. *See Georgia–Pacific Corp. v. United States Plywood Corp.*, 318

F.Supp. 1116, 1120 (S.D.N.Y.1970), *modified*, 446 F.2d 295 (2 Cir.), *cert. denied*, 404 U.S. 870, 92 S.Ct. 105, 30 L.Ed.2d 114 (1971). The jury will have to decide the amount of the reasonable royalty for each patented invention it finds was infringed. The amount of the royalty for each infringed product depends upon detailed and complicated financial and accounting data concerning, among other things, the infringing product's commercial success, and how much of that success can be attributed to the infringed invention. *See Apollo*, 707 F.Supp. at 1434; *Mag Instrument*, 123 F.R.D. at 545.

The Court finds that the jury's task in determining liability will be made significantly easier if it is spared this highly technical evidence until the jury is narrowly focused on the specific issues to which the evidence is relevant (the damages inquiry). *See Shepard*, 45 F.R.D. at 537 (trial of validity, infringement and damages together "would only clutter the record and tend to confuse the jury."). Rather than having to present all the evidence concerning plaintiff's alleged damages at once, the parties can wait to see precisely which inventions and HP calculators are involved, and limit their damages proof to them.

■ Regarding willful infringement, the Court finds that the same considerations require separation of the proceedings regarding willfulness from the damages and liability phases. It is well-settled that the issue of whether a defendant is liable for increased damages because it willfully infringed a patent is determined by the judge and not the jury. *See Swofford*, 336 F.2d at 412; *Slater Electric, Inc. v. Indian Head, Inc.*, 223 U.S.P.Q. 729, 730 (S.D.N.Y. 1983); *Smith*, 538 F.Supp. at 986. Evidence of willfulness should be presented in an environment that insures the jury will not be influenced by it.

Accordingly, the Court finds that if it were to take evidence on all issues about liability, damages and willful infringement together, there would be a substantial risk

---

**1.** These concepts include the relevant "prior art," the level of skill in the art, "obviousness," keyboard designs, electrical and mechanical en-

gineering concepts, "enablement," "best mode," "indefiniteness," and "lack of support in the specification."

of the type of prejudice from jury confusion contemplated by Rule 42(b). However, the Court also believes that separate juries, separate trials, and separate discovery phases would unduly prejudice *plaintiff* by unreasonably delaying the end of this case. All of defendant's concerns regarding prejudice from jury confusion can be treated by separating the issues for trial within a single proceeding. *See Joy Technologies*, 772 F.Supp. at 849 (unitary trial favored when court can solve problems by bifurcating issues into different phases within the same trial).[2]

### B.

Rule 42(b) also permits courts to phase a case into separate trials on distinct issues if it would be convenient to do so. *See, e.g., Organic Chemicals*, 86 F.R.D. at 470. Central to that question is the determination whether the issues would involve many of the same witnesses and documentary evidence. *Id.* If the proof overlaps substantially, the parties, the witnesses and the court are inconvenienced by requiring the presentation of evidence several times.

The Court's decision to phase the liability, damages, and willful infringement issues within a single trial with one discovery track will make this proceeding more convenient than if the Court bifurcated the case into separate trials, with two discovery phases and two juries. This model also reduces any problem of evidentiary overlap. In the damages phase, the parties will not have to repeat any evidence relevant to liability that also bears on the reasonable royalty owed.

### C.

Finally, Rule 42(b) allows a court to bifurcate a case when separation would promote judicial economy or lead to more rapid final resolution of the dispute. *See Brad Ragan*, 89 F.R.D. at 550. These considerations again weigh against the plan defendants offer. Rather, the Court finds that it can promote the goals of judicial economy and quicker resolution of the case if it maintains one discovery track and one trial, but takes liability issues first, and then proceeds, if necessary, to damages.

Defendant temptingly contends that the prospect of early settlement would be enhanced if the Court orders separate trials and discovery periods. Driven by experience rather than rhetoric, the Court disagrees. It is true that if the Court tries liability first and the jury finds for the plaintiff, the defendant will be likely to redouble its efforts to settle the case rather than risk a highly unfavorable damages verdict. *See e.g., Smith*, 538 F.Supp. at 984; *Shepard*, 45 F.R.D. at 537. However, neither the plaintiff nor the defendant in such a case is likely to enter serious settlement negotiations until they have done substantial discovery regarding damages. Thus, this argument is unconvincing. Any chances for settling this case will depend upon the good faith willingness of the parties, not their tactical constructs.

An order of separate trials before two juries with two discovery periods would serve judicial economy in one last and important way. If the Court limits discovery during the first period to liability only, the parties are likely to come to the Court with repeated disputes over how requested material is related to liability, damages, state of mind, or all these issues. The Court will not escalate the paper war that is surely impending in this case.

Accordingly, defendant's motion is DENIED. However, it is hereby ORDERED that the single trial in this case will proceed in three separate and distinct phases. Lia-

---

**2.** Defendant also contends that it will be prejudiced if the Court allows discovery to proceed on the willful infringement issue, because it will be required to reveal to plaintiff confidential attorney-client communications that defendant contemplates will be necessary to defend against these charges. The Court does not agree that defendant will be prejudiced if it must reveal this information. Defendant may indeed be required to give plaintiff any privileged information it plans to use in its defense at trial. However, because this information would presumably support defendant's position, it would not be "prejudiced," in a legal sense, if it had to disclose the material to plaintiff. Furthermore, counsel and the Court are perfectly capable of crafting appropriate protective orders.

bility will first be tried to a verdict, and, if necessary, the trial will proceed immediately thereafter to the damages phase before the same jury. The Court will then discharge the jury and hear evidence regarding willfulness. Discovery will continue as scheduled as to all issues.