George GUEDRY, Jr., et al.

v.

Johnny MARINO, Sheriff of St. Charles Parish.

Civ. A. No. 92–4009.

United States District Court, E.D. Louisiana.

Nov. 20, 1995.

Ronald Lawrence Wilson, New Orleans, LA, for plaintiffs.

Steven Franklin Griffith, Sr., Destrehan, LA, Thomas Allen Usry, Usry & Weeks, Metairie, LA, for defendant Johnny Marino.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion to Sever/Separate Trials" by defendant, Johnny Marino. The motion was submitted on memoranda only without oral argument on a previous date. Having reviewed the memoranda of the parties, the record and the applicable law, the Court DENIES the motion.

### Background

Defendant, Johnny Marino, individually and in his official capacity as sheriff of St. Charles Parish, has been sued by seven plaintiffs, George Guedry, Jr., Robert Lewis, Claudette Wilson, Nicholas Vitrano, David Zeringue, Brent Mashia and Orvett Smith, under 42 U.S.C. §§ 1981 and 1983 for alleged violations of the First and Fourteenth Amendments. (R.Doc. 1.) Plaintiffs also allege state-law violations. *Id.* Plaintiffs have brought suit against Marino because their commissions as deputies were not renewed as of July 1, 1992, the date that the sheriff assumed office after his re-election. *Id.*

For the purposes of this motion, the Court reviews the specific allegations made by each plaintiff.

George Guedry, Jr. alleges that his commission was terminated by defendant in violation of his First and Fourteenth Amendment rights because of (1) his decision to speak out at a parish council meeting; (2) his membership in and association with members of the New Sarpy Civic Association; and (3)

---

1. In the "Statement of Claims" section of the Complaint, plaintiff "Druett Smith" (*See infra* note 3) is identified with respect to these allegations. *See* R.Doc. 1, ¶ 59. However, in the "Facts and Seventh Cause of Action" section, the Complaint refers to the plaintiff as Brent Mashia.

his refusal to participate in the defendant's re-election efforts. (R.Doc. 1, ¶ 46.)

Robert Lewis alleges First and Fourteenth Amendment violations as a result of defendant's harassment and retaliation, because of (1) defendant's belief that plaintiff supported defendant's opponent in the election; (2) defendant's belief that plaintiff influenced his neighbor to support defendant's opponent; (3) plaintiff's decision to speak out on a matter of public concern; and (4) plaintiff's race. (R.Doc. 1, ¶ 48.)

Nicholas Vitrano also claims violations of his First and Fourteenth Amendment rights as a result of defendant's harassment and retaliation, because of defendant's belief that plaintiff had supported the defendant's opposing candidate. (R.Doc. 1, ¶¶ 49–50.)

Claudette Wilson asserts that her First and Fourteenth Amendment rights were violated due to defendant's harassment and retaliation efforts against her because she filed a worker's compensation complaint alleging that defendant refused to pay her medical bills for a job related injury. (R.Doc. 1, ¶ 52.) Further, plaintiff maintains that her Constitutional rights were violated because defendant terminated her commission because of her race and/or sex. (R.Doc. 1, ¶¶ 51–53.)

David Zeringue declares that he has been deprived of his right to equal employment opportunities as a result of defendant's harassment of him solely because of (1) defendant's belief that he had not actively supported defendant's re-election bid; and (2) defendant's belief that plaintiff sought to enforce the law against individuals who were political allies of the defendant. (R.Doc. 1, ¶¶ 54–55.)

Brent Mashia [1] proclaims that his First and Fourteenth Amendment rights were violated by defendant's harassment of plaintiff solely because of (1) defendant's belief that plaintiff did not actively support the defendant's re-election bid; (2) plaintiff's decision

---

*See* R.Doc. 1, ¶¶ 36–44. Because neither party has instructed the Court otherwise, for the purpose of this motion, the Court will assume that these allegations are those of plaintiff Brent Mashia.

to speak out against defendant's policies of racial discrimination, and (3) plaintiff's race. (R.Doc. 1, ¶¶ 58–59.)

Orvett Smith charges that defendant harassed and retaliated against plaintiff solely because of (1) defendant's belief that plaintiff supported his opponent's bid for election; (2) defendant's belief that plaintiff was closely associated with defendant's opponent; and (3) plaintiff's race in violation of plaintiff's First and Fourteenth Amendment rights. (R.Doc. 1, ¶¶ 56–57.)

The defendant has filed a "Motion to Sever/Separate Trials" claiming that the plaintiffs' cases are improperly joined, entitling him to have the claims severed under Fed. R.Civ.P. 20 and 21. In the alternative, the defendant claims that sufficient reasons exist to sever each plaintiff's case pursuant to Fed.R.Civ.P. 42(b). The defendant postulates that severance is proper because separate trials will promote judicial economy and will prevent jury confusion.

In their opposition, plaintiffs contend that the claims have been properly joined because each plaintiff was terminated for refusing to support defendant's election bid or for supporting defendant's re-election bid but being accused of not doing so. Further, four plaintiffs also allege that they were discharged because of their race. Thus, plaintiffs argue that there is a common question of law or fact with respect to these claims. In the alternative, plaintiffs argue that severing these claims would result in unnecessary delay and prejudice to the litigants. In addition, plaintiffs argue that any possible confusion to the jury can be handled by the Court through its jury instructions.

### Law and Application

#### I. Misjoinder

Fed.R.Civ.P. 20(a) provides, in pertinent part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action....

28 U.S.C. Rule 20(a) (West 1992).

■■■ The purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. *See Mosley v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir.1974); *See also, Ponthieux v. Sealift, Inc.,* 1993 WL 370644 (E.D.La.1993); *Warren v. New Orleans Police Department,* 1992 WL 245655 (E.D.La.1992). Moreover, under the Federal Rules of Civil Procedure, "joinder of claims, parties and remedies is strongly encouraged." *Mosley,* 497 F.2d at 1332, *(citing United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

■■■ The Court in *Mosley* noted that [p]ermissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

*Mosley,* 497 F.2d at 1333. *See also Poindexter v. Louisiana Financial Assistance Commission,* 258 F.Supp. 158, 165–66 (E.D.La. 1966), *aff'd,* 389 U.S. 571, 88 S.Ct. 693, 19 L.Ed.2d 780 (1968). There is no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for purposes of Rule 20(a). *Mosley,* 497 F.2d at 1333. Furthermore, Rule 20(a) does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be at least one common question of law or fact. *See* 7 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1653, at 387 (1986).

■■■ Applying these principles to the present case, the Court rejects defendant's argument that plaintiffs' complaint does not satisfy the tests for joinder because they involve different transactions or occurrences and

they do not raise common factual or legal issues except as to plaintiff Claudette Wilson. All of the plaintiffs' claims arise out of separate factual circumstances but all of plaintiffs' allegations revolve around claims of termination after alleged violations of First Amendment rights except Claudette Wilson. This includes enforcement of the law as to defendant's supporters and/or failure to support defendant (or allegations thereto) in his re-election bid and/or speaking at a public meeting. Such conduct may constitute a single transaction or occurrence for purposes of Rule 20(a). The alleged discriminatory activity directly affecting each of them, includes common legal and factual questions.

As to plaintiff Claudette Wilson, however, review of the Complaint clearly seems to indicate that, although she was terminated on the same day as the other plaintiffs, there is no other relevant similarity between her claim and the other plaintiffs' claims. Wilson alleges that she was forced to file a Worker's Compensation complaint for defendant's refusal to reimburse her for medical payments related to an on-the-job injury. (R.Doc. 1, ¶ 27.) As noted, Wilson claims that her commission was not renewed in retaliation for filing such a claim and also because of her race and/or sex. *Id.,* ¶¶ 28–29, 51–53. Although Wilson makes a claim for violation of First Amendment rights as the other plaintiffs do, *id.,* ¶ 51, it is clear that her claims do not arise out of the same transaction or occurrence as the other plaintiffs, insofar as they make a claim for First Amendment violations as to speaking at civic forums and/or not supporting (or allegedly refusing to support) defendant in his re-election campaign.

■ However, plaintiff Wilson also makes a claim for racial discrimination, as do plaintiffs Robert Lewis, Orvett Smith and Brent Mashia. (R.Doc. 1., ¶¶ 33–44, 57.)[2] Thus, Wilson's claims arise out of similar transactions or occurrences and involve similar questions of fact and law such that joinder of her claims with the other plaintiffs' claims under Rule 20(a) is proper.

Hence, plaintiff's motion to sever under Rule 20(a) fails.

Defendant argues that the evidence used to prove any one plaintiff's claims would not be admissible in a trial of any of the other plaintiffs based on relevancy. In addition to the fact that defendant cites no law in support of this contention, the foregoing discussion belies the fallacy of this contention.

■ Defendant also argues that exposure to irrelevant evidence would "taint and confuse the jury." This argument is outright rejected because any potential confusion to the jury can surely be remedied at trial through a limiting instruction by the Court. *See Hanley v. First Investors Corp.,* 151 F.R.D. 76 (E.D.Tex.1993). Moreover, courts have broad discretion in interpreting the requirements of Rule 20 in an effort to reduce inconvenience, delay and added expense to the parties and to the court, and to promote judicial economy. *See* 7 Wright, Miller and Kane § 1653, at 385. The time, expense and inconvenience to the parties associated with seven separate trials is readily apparent in this case. Severance of the plaintiffs' claims at this juncture would be imprudent, as it may result in a waste of judicial time and resources. Moreover, the Court does not agree that joinder of plaintiffs' claims will result in prejudice to the defendant or that his right to a fair trial will be compromised.

## II. Separate Trials

Defendant's alternative argument is that sufficient reasons exist to sever each of the plaintiffs' cases for trial under Rule 42(b). The defendant contends that severance is necessary to avoid prejudice, to promote economy and to avoid jury confusion. In support of his argument, defendant notes that seven different factual situations and seven sets of and witnesses would cause confusion and prejudice. Moreover, defendant argues that a common trial would be "intoler-

---

**2.** Although at the beginning and in the factual allegations of the Complaint, the Complaint speaks of "Orvett Smith," in the "Statement of Claims" section of the Complaint, Orvett Smith is apparently identified as Druett Smith. (R.Doc. 1, ¶¶ 56–57, 59) Because neither party has instructed the Court otherwise, for the purpose of this motion, the Court assumes that Orvett Smith and Druett Smith are the same person.

186

able and unmanageable." *See* Defendant's "Memorandum in Support of Motion to Sever/Separate Trials." (R.Doc. 44, 7.)

■ Rule 42(b) provides that separation is proper when a trial court determines that severance is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition or economy." *See FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1253 (5th Cir.1992), *cert. denied*, 507 U.S. 1051, 113 S.Ct. 1944, 123 L.Ed.2d 650 (1993); *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir.1994). The decision to grant separate trials rests within the sole discretion of the trial court. *Id., quoting First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174, n. 2 (5th Cir.1992).

■ The Court rebuffs defendant's argument that the sheer number of claims presented coupled with the testimony of each plaintiff's witnesses will cause prejudice and confusion. To be sure, judicial economy and prejudice based on these factors can be addressed by instructions. *Hanley*, 151 F.R.D. at 80. The Fifth Circuit has recognized that "[t]here is an important limitation on ordering a separate trial of issues under Rule 42(b): the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 and n. 22 (5th Cir.1993) (citations omitted). Moreover, "even if bifurcation might some how promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice." *Laitram Corp. v. Hewlett–Packard Co.*, 791 F.Supp. 113, 115 (E.D.La.1992) (citations omitted).

■ As explained above, the claims of all plaintiffs are not so separate and distinct as to constitute injustice. Further, separate trials will cause needless delay and prejudice, especially due to the age of this case.[3] In the end, defendant's proposition would amount to no more than a complicated legal benediction. This Court fully embraces the time-honored premise that "[a]n unreasonable delay in a case's resolution amounts to prejudice to the one opposing separation. [Such delay] [ ] is clearly not in the public interest." *Laitram*, 791 F.Supp. at 116.

■ After balancing the two competing claims of prejudice, the convenience of the parties and judicial economy, the Court finds that these considerations weigh against the defendant's motion to sever under Rule 42(b). Rather, the Court finds that the goals of judicial economy, the convenience of the parties and fairness will be best served if it retains one trial.

## Conclusion

For the foregoing reasons, the Court fathoms no valid notions that favor defendant's motion to sever, whether pursuant to Rule 20(a) or Rule 42(b), with a compelling legal basis. To allow seven individual trials on essentially the same, if not identical, issue could cause this matter to go on forever, case after case. Such would be reminiscent of Dante's Ninth Circle.

Accordingly,

IT IS ORDERED that defendant's "Motion to Sever/Separate Trials" is DENIED.

---

**3.** This is not the first time that the age of this case has caused the Court concern. In a Minute Entry dated April 24, 1995, granting a continuance of the trial due to personal problems of defendant's counsel, the Court ordered that the Magistrate Judge conduct a hearing to "finalize a discovery plan in order to move this matter forward promptly to a resolution." (R.Doc. 37.)