Uraseal, Inc. v. Elec. Motion Co.   CV-95-517-SD   12/12/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Uraseal, Inc.

    v.                                Civil No. 95-517-SD

Electric Motion Company, Inc.


O R D E R


Before the court are the issues raised by certain pending motions.


1.  Background

In this patent litigation, plaintiff Uraseal, Inc. (Uraseal) claims that defendant Electric Motion Company, Inc. (EMC) has infringed United States Letters Patent No. 4,842,530 (the '530 patent).  The invention described in the '530 patent is entitled "Electrical Floating Bond Assembly".

EMC has denied plaintiff's claims of infringement and contends that the '530 patent is invalid and unenforceable.  The dual motions at issue include (1) the motion of EMC for separation of issues and stay of discovery and (2) Uraseal's

motion for extension of deadlines for disclosure of experts and their reports on matters other than damages.

2. Discussion

   a. Defendant's Motion for Separation of Issues and Stay of Discovery (document 17)

   Invoking Rule 42(b), Fed. R. Civ. P.,[1] EMC moves for separation for trial of the substantive liability issues from the damages and willful infringement issues.  Its motion also seeks stay of discovery on the damages and willfulness issues until the jury has resolved the issues of liability.  The plaintiff objects.  Document 21.

   Defendant argues that the issues as to both liability and damages are complex and distinct and that a favorable finding for it on the liability issues will abrogate the need for further discovery or litigation.  EMC also alleges that it has

---

   [1]Rule 42(b), Fed. R. Civ. P., provides:

   > The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate their right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

substantial defenses to plaintiff's claims of liability, that a separate trial of the willfulness issue is necessary to protect its attorney-client privilege,[2] and that a second separate trial of damages will reduce the likelihood of confusion on the part of the jurors.

Plaintiff responds that the delays inherent in defendant's suggestions would be extremely prejudicial to it, that any stay of discovery on the issues of damages and willfulness will serve only to prevent meaningful settlement negotiations, and that defendant's objections can be addressed by trying the case in phases before a simple jury.  As hereinafter appears, the court finds merit in certain of these latter suggestions.

It is the general rule that "the piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course.  Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule."  9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL SECOND § 2388, at 474 (West 1995).

While there is historical authority for holding separate

---

[2]Defendant's trial counsel, Attorney Yale, apparently furnished defendant, on different occasions, with both written and oral opinions concerning the infringement allegations here made.  See Exhibit C at 8, 9 (attached to defendant's memorandum in support of its motion).

trials on liability and damages issues in patent cases, <u>Johns Hopkins Univ. v. CellPro</u>, 160 F.R.D. 30, 35 (D. Del. 1995) (collecting cases), such opinions apparently find the benefits derived therefrom to outweigh the cost of delay in resolution of the case, even where such delay can result in lengthy deferral of a final resolution in favor of the patent owner. <u>Id.</u> And such prejudice is "perhaps the most important consideration for a court ruling on a motion to bifurcate." <u>Willemijn Houdstermaatschaapij BV v. Apollo Computer</u>, 707 F. Supp. 1429, 1435 (D. Del. 1989). <u>See also</u> <u>Laitram Corp. v. Hewlett-Packard Co.</u>, 791 F. Supp. 113, 115 (E.D. La. 1992) (same).

Turning to the arguments of EMC, the court first considers its claim that it can successfully defend on the issues of liability. While review of the record indicates there is some merit to this argument, the court finds it falls far short of the defendant's claim of a prima facie presumption.

As regards the claims that damage evidence would be nonoverlapping and complex, the court is similarly unpersuaded. Moreover, the court finds that discovery on damages will assist counsel in "evaluating essential elements of the matters in issue and in assessing the risks associated with an adverse decision in the action [and thus] facilitate settlement discussions." <u>CellPro</u>, <u>supra</u>, 160 F.R.D. at 35.

4

Further, while the court recognizes that even favorable written opinions of counsel concerning noninfringement are not the only relevant factor in determining the issue of willfulness, Electric Medical System, S.A. v. Cooper Life Sciences, 34 F.3d 1048, 1056 (Fed. Cir. 1994), there is merit to plaintiff's suggestion that its attorney-client privilege may be prejudiced if the issue of willfulness is put before the fact finder prior to a ruling on the issue of liability. Id. at 1056-57; CellPro, supra, 160 F.R.D. at 36.

But stay of discovery, with its "difficult delays and complications" and its "stop-and-start" approach, not only "precludes the possibility of granting a summary judgment on the willfulness claim prior to the trial," but undermines the goal of "a just, speedy and inexpensive resolution of every action. See Fed. R. Civ. P. 1." CellPro, supra, 160 F.R.D. at 36.

Accordingly, the court will deny the defendant's motion. However, the trial will be held in sequence, with liability and damages issues to be first tried. If liability is found, the parties will immediately proceed to present evidence to the same jury on the alleged willful infringement, including evidence on the advice of counsel. Id.

5

b.  Plaintiff's Motion for Extension of Time for Disclosure of Liability Experts (document 19)

This motion seeks the relief of extension from December 1, 1996, to December 31, 1996, of the dates by which plaintiff must disclose its experts and their reports on issues other than damages.  The motion also seeks the courtesy of a like extension to March 17, 1997, to permit defendant to make such disclosures.[3]

The motion is grounded on the representation that, although plaintiff has retained experts, more time is required for completion of their reports.  Plaintiff also alleges that the granting of the motion will not require the extension of any time scheduled for hearing, conference, or trial.

Accordingly, the motion is granted.


3.  Conclusion

The court has denied the motion of defendant EMC which seeks separation of issues and stay of discovery.  Document 17.  Trial will proceed on one discovery track and before a single jury. Trial will be held, however, in phases, the jury to first consider the issues of liability and damages.  In the event of a

---

[3]Although the motion recites that defendant does not concur with the relief sought, no written objection was filed by the defendant within the time limitations required under the Local Rules.

finding of liability, the parties will go immediately to present evidence with respect to the issue of willfulness.

The motion of the plaintiff for extension of time for disclosure of experts and their reports on issues other than liability has been granted.  Document 19.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 12, 1996

cc:  Paul C. Remus, Esq.
     Richard C. Nelson, Esq.
     Guy D. Yale, Esq.