**FUJI MACHINE MFG. CO., LTD., Plaintiff,**

v.

**HOVER–DAVIS, INC., Defendant.**

No. 96–CV–6087L.

United States District Court, W.D. New York.

Nov. 7, 1997.

**924**

Henry R. Ippolito, Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, James A. Oliff, Darle M. Short, Glenn T. Barrett, Edward P. Walker, David C. Gardiner, Oliff & Berridge, Alexandria, VA, for Plaintiff.

James Metzler, Boylan, Brown, Code, Fowler, Vigdor & Wilson, LLP, Rochester, NY, for Defendant.

### DECISION AND ORDER

LARIMER, Chief Judge.

In the instant case, plaintiff Fuji Machine Manufacturing Co., Ltd. ("Fuji") contends that defendant Hover–Davis, Inc. ("Hover–Davis") willfully infringed a patent held by Fuji. Hover–Davis now moves to bifurcate the liability and damages phases of trial and to stay discovery regarding the opinions previously rendered by its patent counsel.

■ The decision whether to bifurcate the liability and damages phases of a patent infringement action is left to the discretion of the trial court. Fed.R.Civ.P., Rule 42(b); *Lis v. Robert Packer Hospital,* 579 F.2d 819, 824 (3d Cir.1978). Bifurcation of trials, even in patent cases, should be the exception, not the rule. The burden is on the moving party to demonstrate that bifurcation is justified. *Mellon v. Beecham Group PLC,* 17 U.S.P.Q.2d 1149, 1154 (D.N.J.1989). Although bifurcation is not uncommon in patent infringement cases, see, e.g., *Swofford v. B & W, Inc.,* 34 F.R.D. 15, 19–20 (S.D.Tex.1963); *Naxon Telesign Corp. v. GTE Information Systems, Inc.* 89 F.R.D. 333, 341 (N.D.Ill. 1980); *Shepard v. International Business Machines Corp.,* 45 F.R.D. 536, 537 (S.D.N.Y.1968); *Johns Hopkins University v. Cellpro,* 160 F.R.D. 30, 33 (D.Del.1995), courts have cautioned that "even if bifurcation might somehow promote judicial economy, courts should not order separate trials when 'bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice.'" *Laitram Corp. v. Hewlett–Packard Co.,* 791 F.Supp. 113, 115 (E.D.La.1992), quoting *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.,* 707 F.Supp. 1429, 1433 (D.Del.1989).

■ In the instant case, although it cites relevant case law regarding the factors to be considered on a motion to bifurcate—namely, the lack of overlap of issues, the complexity of the issues and the prejudice to the plaintiff if bifurcation is granted, see *IPPV Enterprises v. Cable/Home Communication Corp.,* 26 U.S.P.Q.2d 1714, 1715.1716 (S.D.Cal.1993)—Hover–Davis does not specifically address them. It simply offers the traditional argument that bifurcation will promote judicial economy because a verdict in its favor on the issue of liability would obviate the need for a trial on damages. While this assertion may be true, it does not, without more, satisfy Hover–Davis' burden to prove that bifurcation is justified.

Moreover, Hover–Davis conceded at oral argument that the sole reason it seeks bifurcation is to avoid disclosing the opinions of its patent counsel until after the question of

liability is resolved.[1] Therein lies the heart of the matter.

The positions staked out by the parties in this case are hardly novel. As the court explained in *Johns Hopkins Univ. v. Cellpro,* 160 F.R.D. at 34:

> [t]he current convention in patent litigation strategy is as follows: the patent owner opens with a claim for willful infringement; the alleged infringer answers by denying willful infringement and asserts good faith reliance on advice of counsel as an affirmative defense; then the owner serves contention interrogatories and document requests seeking the factual basis for that good faith reliance defense and the production of documents relating to counsel's opinion; the alleged infringer responds by seeking to defer responses and a decision on disclosure of the opinion; the owner counters by moving to compel; and the alleged infringer moves to stay discovery and for separate trials.

 We have reached this juncture here. Hover–Davis contends that the issue of the willfulness of an alleged infringement relates solely to the issue of damages, not liability. It further argues that the willfulness of an infringement is to be determined solely by the court, not the jury, such that it would be improper to allow the jury to hear any evidence relating to willfulness during the liability phase of trial.[2] Fuji counters that not only do the opinions of counsel relate to issues reserved for the damages phase of trial, but to those necessarily resolved in the liability phase as well. More specifically, it contends that the opinions of counsel are relevant to the issues of laches and estoppel, which Hover–Davis has asserted as affirmative defenses. In so doing; Fuji argues, Hover–Davis has "opened up ·the door" to discovery regarding the advice of its patent counsel "so that [Fuji] can discover whether in fact [Hover–Davis] relied on the advice from· its patent counsel instead of [Fuji's] failure to assert patent infringement for an extensive amount of time."

A review of the relevant case law supports Fuji's position. *See, e.g., THK America, Inc. v. NSK Co. Ltd.,* 157 F.R.D. 637, 33 U.S.P.Q.2d 1248, 1258–59 (N.D.Ill.1993); *Haworth Inc. v. Herman Miller Inc.,* 32 U.S.P.Q.2d 1365, 1368–69 (W.D.Mich.1993); *IPPV Enterprises v. Cable/Home Communication Corp.,* 26 U.S.P.Q.2d at 1716; *Mellon v. Beecham Group PLC,* 17 U.S.P.Q.2d at 1151–53. The courts have recognized that it would be manifestly unfair to allow a defendant to argue in the liability phase that it did not rely on the opinions of counsel, while precluding discovery as to those opinions, and later argue in the damages phase that its actions were not willful based on those same opinions. *Id.*

There is ample reason to allow discovery on the entire case to proceed at this time. At this stage, this does not appear to be a case requiring bifurcation and a stay of discovery. Judicial resources and resources of the attorneys are best served if discovery proceeds on all issues. Matters relating to the admissibility of evidence at trial are matters for another day. In view of the case's posture now, Fuji is entitled to discover the nature· and content of any opinions rendered to Hover–Davis by its patent counsel.

## CONCLUSION

For the reasons set forth above, Hover–Davis' motion to bifurcate the liability and damages phases of the trial and to stay discovery regarding the opinions of its patent counsel is denied.

IT IS SO ORDERED.

---

1. Given this concession, the Court need not address Fuji's argument that Hover–Davis has failed to demonstrate the existence of other factors favoring bifurcation. .

2. As an initial matter, I note that Hover–Davis' assertion that the willfulness of an infringement is an issue reserved for the trial judge is incorrect. Although the question of whether a willful infringer is liable for enhanced damages is to be determined solely by the court, whether the infringement was in fact willful is to be determined by the trier of fact, in this case, the jury. *See National Presto Industries, Inc. v. West Bend Co.,* 76 F.3d 1185, 1192–93 (Fed.Cir.1996).