MAG INSTRUMENT, INC., Plaintiff,

v.

J. BAXTER BRINKMANN INTERNATIONAL CORPORATION and the Brinkmann Corporation, Defendant.

The BRINKMANN CORPORATION, Counter–Claimant,

v.

MAG INSTRUMENT, INC., Counter–Defendant.

Civ. A. No. CA 3–86–427–G.

United States District Court, N.D. Texas, Dallas Division.

Aug. 30, 1988.

Robert C. Weiss, Lyon & Lyon, Los Angeles, Cal., V. Bryan Medlock, Richards Harris Medlock & Andrews, Dallas, Tex., for plaintiff.

Jerry W. Mills, Jerry R. Selinger, Baker, Smith & Mills, Dallas, Tex., Lupo, Lipman & Lever, Washington, D.C., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on motion of defendants, The Brinkmann Corporation, J. Baxter Brinkmann International Corporation and J. Baxter Brinkmann individually (collectively "Brinkmann"), for separate tri-

als under Fed.R.Civ.P. 42(b). Brinkmann seeks separate trials on liability and damages, both of which would be preceded by a trial of its inequitable conduct defense. It also seeks a stay of discovery on damages unless, and until, liability is established. After a review of the motion, response, and all other pleadings in the case, the court concludes that the motion for a stay of discovery is MOOT, that the motion for separate trials of liability and damages should be GRANTED, and the motion for a separate trial of the inequitable conduct defense should be DENIED.

I. Motion for Stay of Discovery.

The motion for a stay of discovery is denied as moot. In the status conference held on July 28, 1988, the court advised the parties of its rulings on further discovery. All discovery ended on August 15, 1988.

II. Motions for Separate Trials.

Fed.R.Civ.P. 42(b) provides in relevant part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim ... or of any separate issue or any number of claims ... or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by a statute of the United States.

This Court has broad discretion to bifurcate trials "as part of its wide discretion in trial management," *Gardco Mfg. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed.Cir. 1987), particularly when trying one issue could dispose of the others. *In re Beverly Hills Fire Litigation*, 695 F.2d 207, 216–17 (6th Cir.1982), *cert. denied*, 461 U.S. 929, 103 S.Ct. 2090, 77 L.Ed.2d 300 (1983); 9 C. Wright & A. Miller, *Federal Practice and Procedure* at § 2388 (1971).

### A. Bifurcation of Liability and Damages

Trials of liability and damages are often bifurcated. 9 C. Wright & A. Miller, above, at 296. This type of bifurcation is "an effective method of simplifying factual

presentation, reducing costs, and saving time." *MCI Communications v. AT & T,* 708 F.2d 1081, 1167 (7th Cir.), *cert. denied,* 464 U.S. 891, 104 S.Ct. 234, 78 L.Ed.2d 226 (1983). In patent cases, courts often bifurcate damages and liability. *See, e.g., Swofford v. B & W, Inc.,* 336 F.2d 406 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965); *Slater Electric, Inc. v. Indian Head, Inc.,* 38 Fed. R.Serv.2d (Callaghan) 488 (S.D.N.Y.1983) (available on LEXIS, genfed library, dist file); *Naxon Telesign Corp. v. GTE Information Systems,* 89 F.R.D. 333, 341 (N.D. Ill.1980); *Shepard v. IBM,* 45 F.R.D. 536 (S.D.N.Y.1968).

[I]n a patent infringement suit considerations exist which suggest that efficient judicial administration would be served by separate trials on the issues of liability and damages. The trial of the damages question in such a suit is often difficult and expensive, while being easily severed from the trial of the questions of validity and infringement of the patent. *A preliminary finding on the question of liability may well make unnecessary the damages inquiry,* and thus result in substantial saving of time of the Court and counsel and reduction of expense to the parties. (Emphasis added.)

*Swofford v. B & W, Inc.,* 34 F.R.D. 15 (S.D.Tex.1963), *aff'd,* 336 F.2d 406 (5th Cir. 1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965). Bifurcation in a patent case further avoids unnecessarily confusing the jury. *Shepard v. IBM,* above, 45 F.R.D. at 537. Evidence of damages is often lengthy, complex, and extremely detailed. These problems are even more acute in this case, where complex issues of trademark infringement and unfair competition are presented as well.

Moreover, if the defendants do not prevail entirely on liability, separate trials will still serve the purpose of Rule 42(b). If the jury finds certain bases of liability absent, then damage theories dependent on those bases, and evidence to support them, will not be presented, thus promoting expediency, economy, and convenience. *MCI Communications v. AT & T,* above, 708 F.2d at 1167. Consequently, bifurcation will eliminate the need for the jury to listen to complex damages testimony which ultimately would have no bearing on the case. Furthermore, if the plaintiff prevails on liability, the parties will have a strong incentive to settle the case, thus rendering a time-consuming and difficult damages trial unnecessary. *Shepard v. IBM,* 45 F.R.D. at 537; *Slater Electric, Inc., above.*

Plaintiff Mag Instruments, Inc. ("Mag") objects that separate trials of liability and damages will violate its Seventh Amendment right to a jury trial. It contends that different juries cannot, consistent with the Seventh Amendment, decide interwoven elements of the same case.

■ Mag's argument is unpersuasive. Because the damages trial will not be delayed by damages discovery,[1] damages could be tried before the same jury which determines liability. No constitutional question arises when both trials are before the same jury. *In re Innotron Diagnostics,* 800 F.2d 1077, 1086 (Fed.Cir.1986); *Paine, Webber, Jackson & Curtis v. Merrill Lynch,* 587 F.Supp. 1112, 1116 (D.Del. 1984).

■ Moreover, even if there are two different juries, Mag's Seventh Amendment rights will be preserved. "The prohibition is not against having two juries review the same *evidence* but rather against having two juries *decide* the same *essential issues.*" *In re Innotron Diagnostics,* 800 F.2d at 1086 (bifurcating patent and antitrust claims) (emphasis in original), *quoting Paine, Webber,* 587 F.Supp. at 1117 (bifurcating liability and damages). *See also Response of Carolina, Inc. v. Leasco Response, Inc.,* 537 F.2d 1307, 1324 (5th Cir.1976) (the fact that evidence referring to damages may be presented to liability jury will not prevent bifurcation). Moreover, as the Fifth Circuit explained, "[W]e cannot think of an instance in a patent action where the damage issue is so inter-

1. Discovery in this case ended on August 15, 1988.

woven with the other issues that it cannot be submitted to the jury independently of the others without confusion and uncertainty, which would amount to a denial of a fair trial." *Swofford*, 336 F.2d at 415. It matters not that this case involves other issues besides patent infringement. The rule is still the same: different juries can hear the same evidence. Thus, the court in *Paine, Webber* bifurcated a case which involved both patent and trademark infringement claims. 587 F.Supp. at 1117.

Mag contends that the two juries would overlap on the issue of Mag-lite's commercial success. However, as the *Paine, Webber* court explained, commercial success will not require the juries to determine the same issues. In the liability case, the jury will focus on the success of Mag's patent, so as to determine obviousness under 35 U.S.C. § 103. Such proof is best demonstrated by the activities of Mag, as the patentee, not the activities of Brinkmann. *Id.* at 1116.[2] In the damages trial, on the other hand, the jury will focus on Brinkmann's degree of success. Moreover, proof of commercial success in the liability phase does not require the exhaustive and intricate financial data used in the trial on damages. While the two juries may hear some of the same evidence in both phases, they will not determine the same essential issues.

The same can be said of Mag's claim that the evidence concerning confusion will create an overlap. It argues that confusion is not only an element of liability, but of damage causation. Causation is an element of liability, not damages. Moreover, the juries will decide different issues: the liability jury will decide the *fact* of confusion; the damages jury will decide the *amount* of confusion. The fact that they may hear the same evidence has no bearing. Nor does the liability jury's determination of the fact of damage impermissibly infringe on the damage jury. The Seventh Circuit has explained that in a private treble damage antitrust action, the fact of damage is essential to proving liability. As fact of damage is different from amount of damage, "separate trial of these issues is beyond constitutional challenge even when the partial new trial is to be heard by a separate jury." *MCI Communications*, 708 F.2d at 1167 n. 122. The same reasoning applies here, for plaintiffs asserting unfair competition under the Lanham Act are required to show the fact of damage as an element of liability. *See* 15 U.S.C. § 1125(a) (West 1982); *Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 725 F.2d 336, 345 (5th Cir.1984).

In view of the above, Brinkmann's motion for a separate trial of liability and damages is granted.

### B. Bifurcation of Inequitable Conduct Defense

Brinkmann also seeks a separate non-jury trial on its inequitable conduct defense before trial by jury of the other issues. It alleges that Mag acted inequitably by concealing two prior uses of a Mini–Maglite prototype in its patent application, thus making the patent unenforceable. Brinkmann also will claim that the patent is invalid because the prototypes constituted a "public use" under 35 U.S.C. § 102(b). The purely equitable defense of inequitable conduct does not give rise to a jury trial; a public use defense to patent invalidity is a legal issue to be decided by a jury. *Gardco Mfg.*, above, 820 F.2d at 1212.

Under *Beacon Theatres v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959), the Court's discretion to try an equitable issue first is narrowly limited, "and must, wherever possible, be exercised to preserve jury trial." *Accord Gardco Mfg.*, above, 820 F.2d at 1212. In *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962), the Court held that where legal and equitable claims involve the same factual issues, the Seventh Amendment demands trial of the legal claims to a jury *first*. In this case, the inequitable conduct and public use defenses involve the same factual issues concerning previous uses of the pro-

---

**2.** Courts which have considered the alleged infringer's activities do so only when the practicer of the patent is not the patentee. *Id.* This is not the case here.

totype. These issues include whether any public uses actually occurred, how the prototype worked, and whether the prototype was handled in a manner that would make it prior art with respect to the patent. Because some facts are common to both defenses, the public use defense must be tried to a jury before the Court can try the inequitable conduct defense.

Moreover, a prior trial of the inequitable conduct defense would not serve any of the purposes of Rule 42(b). Because this defense involves the extremely vital issue of patent enforceability, the trial is likely to occupy a great deal of time. If the defense is found not to be meritorious, then this time would be wasted. Brinkmann argues that it is extremely likely to succeed because it prevailed on this issue before the International Trade Commission. The scope of the ITC hearing, however, was not as far-reaching as this trial. Furthermore, the ITC decision has no preclusive effect here, as this Court has previously decided.

Brinkmann relies on *Gardco, Mfg.,* above, 820 F.2d at 1213, which allowed the inequitable conduct defense to be tried before the trial of patent validity and infringement. The only question in *Gardco* was the materiality of two pieces of undisclosed prior art to the Patent Office's determination. The prior art's existence was not contested in *Gardco,* 820 F.2d at 1211, but it is here. Whether prior art existed is a predicate to both the inequitable conduct and public use defenses. Because the existence of prior art was not at issue in *Gardco,* the validity and infringement determinations were truly separate from the inequitable conduct defense. Here, the parties contest the existence of prior art. Consequently, the validity and inequitable conduct determinations, dependent on the existence issue, are intertwined. For the Court to determine whether the prior art existed would deny the jury the opportunity to do so. Consequently, the motion must be denied.

### Conclusion

1. The motion for stay of discovery is denied as moot.

2. The motion for separate trials of liability and damages is granted.

3. The motion for a separate trial of the inequitable conduct defense is denied.

SO ORDERED.