**ETHICON, INC. and Inbae Yoon, M.D., Plaintiffs,**

v.

**UNITED STATES SURGICAL CORPORATION, Defendant,**

and

**Young Jae Choi, Intervenor–Defendant.**

**No. 5:89CV00386 (RNC).**

United States District Court, D. Connecticut.

June 12, 1995.

Marc J. Gottridge, Corbin, Silverman & Sanserverino, New York City, for Marc J. Gottridge.

Kaare Phillips, Grais & Phillips, New York City, pro se.

Richard S. Lipman, Schatz & Schatz, Ribicoff & Kotkin, Hartford, CT, Thomas W.

Pippert, Richard H. Savage, David F. Dobbins, Jeffrey I.D. Lewis, Kim Sweet, John M. DiMatteo, Erik Haas, Patterson, Belknap, Webb & Tyler, New York City, Eric Harris, Harman A. Grossman, Johnson & Johnson, New Brunswick, NJ, Dion W. Moore, Elizabeth Jane McBride, Peter D. Clark, Williams, Cooney & Sheehy, Bridgeport, CT, for Ethicon, Inc., Inbae Yoon.

Paul F. Thomas, Jacob D. Zeldes, Frank J. Silvestri, Jr., Beverly Stauffer Knapp, Zeldes, Needle & Cooper, Bridgeport, CT, Theresa M. Gillis, Jones, Day, Reavis & Pogue, New York City, Eric J. Lobenfeld, Chadbourne & Parke, New York City, Clark E. Walter, Valerie A. Cohen, J. Paul McGrath, Bradford J. Badke, Harvey Kurzweil, Dewey Ballantine, New York City, Sanford M. Litvack, Walt Disney Company, Burbank, CA, for United States Surgical Corp.

## RULING ON PENDING MOTIONS

CHATIGNY, District Judge.

Plaintiffs Ethicon, Inc. (Ethicon) and Inbae Yoon, M.D. have brought this action against defendant United States Surgical Corporation (USSC) alleging infringement of United States Patent No. 4,535,773 ('773 patent). The patent was issued to Dr. Yoon in 1985 based on an application in which he stated that he was the sole inventor of all the claims in the application. Ethicon has rights to the patent pursuant to a licensing agreement with Dr. Yoon. USSC has denied liability and asserted a variety of counterclaims against Ethicon and Dr. Yoon, including counterclaims against Ethicon for patent infringement.

USSC and intervenor-defendant Young Jae Choi claim that Mr. Choi is a co-inventor of some of the claims encompassed by the '773 patent and have moved to correct the patent to add Mr. Choi as a co-inventor pursuant to 35 U.S.C. § 256. If granted, this motion could result in dismissal of the plaintiffs' action against USSC because Mr. Choi has granted USSC a license under the patent. Alternatively, USSC seeks a declaration that the patent is unenforceable because Dr. Yoon engaged in inequitable conduct before the Patent and Trademark Office (PTO) by failing to disclose Mr. Choi as a co-inventor.

In 1992, Judge Cabranes held an evidentiary hearing on motions for preliminary relief filed by the plaintiffs and USSC. After a hearing lasting eleven days, the motions were denied. See Ethicon, Inc. v. United States Surgical Corp., 762 F.Supp. 480 (D.Conn.1991), aff'd, 965 F.2d 1065 (Fed.Cir. 1992), reh'g denied, No. 91–1325, (Fed.Cir. May 26, 1992). Judge Cabranes subsequently ordered that the case be tried in phases starting with an evidentiary hearing with an advisory jury on the motion by USSC and Mr. Choi to correct the patent [doc. # 363]. The parties estimate that a trial of all phases of the case would take several months.

A hearing on the motion to correct the patent is scheduled to begin on June 27, 1995. USSC and Mr. Choi contend that the issues of inventorship and inequitable conduct presented by the motion should be decided by the court after an evidentiary hearing without a jury. Plaintiffs contend that the defendants are not entitled to a hearing on the motion to correct because 35 U.S.C. § 256 permits correction only of omissions that occur through inadvertent error and the defendants have alleged that Dr. Yoon acted with deceptive intent. Plaintiffs contend that USSC's defense of inequitable conduct is tantamount to a defense of invalidity under 35 U.S.C. § 102(f) and, as such, must be tried to a jury.

After careful consideration of the parties' extensive submissions, I have concluded that a bench trial on USSC's defense of inequitable conduct is appropriate at this time and that the motion to correct the patent should not be disposed of on the present record but should be resolved in light of the evidence presented at the bench trial.

1. *A Bench Trial on USSC's Defense of Inequitable Conduct is Appropriate at This Time*

Inequitable conduct in obtaining a patent provides a defense to a claim of patent infringement. See J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1561 (Fed.Cir.1984), cert. denied, 474 U.S. 822, 106 S.Ct. 73, 88 L.Ed.2d 60 (1985). "Once a court concludes

that inequitable conduct occurred, all the claims—not just the particular claims to which the inequitable conduct is directly connected—are unenforceable." *Id.*

Inequitable conduct that renders a patent unenforceable consists of failure to disclose material information, or submission of false material information, with intent to deceive. *Id.* at 1559. The elements of materiality and intent are intertwined: "[t]he more material the omission, the less culpable the intent required, and vice versa." *Halliburton Co. v. Schlumberger Technology Corp.*, 925 F.2d 1435, 1439 (Fed.Cir.1991), *reh'g denied*, No. 90–1191, (Fed.Cir. Mar. 15, 1991); *see also American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1364 (Fed.Cir.1984), *cert. denied, Sowa & Sons, Inc. v. American Hoist & Derrick Co.*, 469 U.S. 821, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984).

The issues presented by a defense of inequitable conduct are equitable in nature and, as such, triable without a jury. *See, e.g., General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed.Cir.1994) ("The disputed issues of fact underlying the issue of inequitable conduct are not jury questions, the issue being entirely equitable in nature."); *Paragon Podiatry Lab., Inc. v. KLM Lab., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir.1993) ("The defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide."); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed.Cir.1987), *citing General Tire & Rubber Co. v. Watson–Bowman Assoc., Inc.*, 74 F.R.D. 139, 141 (D.Del.1977) ("[T]he court held that the defense of inequitable conduct is 'equitable in nature and thus does not give rise to the right of trial by jury.' We agree.").

USSC's fifth defense alleges that Dr. Yoon failed to name Mr. Choi as a co-inventor of the '773 patent with intent to mislead the PTO as to the material fact of proper inventorship. Am.Answer to Am.Compl. with Fourth Am.Countercls. at ¶ 44. If those allegations are true, Dr. Yoon violated his duty of candor to the PTO and, in doing so, engaged in inequitable conduct. *See Hay-hurst v. Rosen*, No. 91–4496, 1992 WL 123178, at *3–5 (E.D.N.Y. May 18, 1992).

Plaintiffs' argument that they have a right to a jury trial on the issue of Dr. Yoon's failure to disclose Mr. Choi as a co-inventor appears to rest on the premise that if a defense of inequitable conduct could have the practical effect of invalidating a patent, as opposed to rendering it unenforceable, the Seventh Amendment requires that the matter be treated as an affirmative defense of invalidity for the jury to decide. *See* Pls.'s Mem. in Opp'n to Defs.' Mot. for an Evidentiary Hr'g Without a Jury and in Supp. of Pls.' Cross–Mot. to Have All Trial Issues Tried Before the Same Jury [doc. # 477] at 8–9 (March 11, 1995). In *J.P. Stevens & Co.*, the Federal Circuit noted that whether the holding in a case involving inequitable conduct should be phrased in terms of unenforceability or invalidity had not been an issue in prior cases and that the matter had therefore not been addressed. 747 F.2d at 1560. The Court then said, "[f]ocusing on the effect of inequitable conduct as a defense, we conclude that it results in unenforceability." *Id.* In so stating, the Court recognized that a declaration of unenforceability can have the same effect as a holding of invalidity due to fraud. *Id.* at 1561–62.

If the plaintiffs' argument were accepted, the doctrine of inequitable conduct would not be available to redress deceptive failure to disclose a co-inventor. Such a limitation would be difficult to reconcile with the uncompromising nature of the duty of candor and good faith owed to the PTO, on which the doctrine of inequitable conduct is based. *Cf. id.* at 1561 (" 'It is the inequitable conduct that generates the unenforceability of the patent and we cannot think of any cases where a patentee partially escaped the consequences of his wrongful acts by arguing that he only committed acts of omission or commission with respect to a limited number of claims. It is an all or nothing proposition.' ") (quoting *Gemveto Jewelry Co. v. Lambert Bros., Inc.*, 542 F.Supp. 933, 943 (S.D.N.Y. 1982)).

Deceptive failure to disclose material prior art, which is a recognized form of inequitable conduct, can provide an affirma-

tive defense of invalidity. Nevertheless, no case holds that a defense of inequitable conduct premised on failure to disclose prior art must be presented to a jury. Plaintiffs point out that failure to cite prior art might be curable. However, no cure is available when the patentee fails to cite material prior art with intent to deceive. *See In re Clark,* 522 F.2d 623, 627 (C.C.P.A.1975).

A bench trial on USSC's defense of inequitable conduct would be inappropriate if factual issues presented by that defense overlapped with factual issues presented by the parties' legal claims or defenses. *Gardco,* 820 F.2d at 1213. *See Gaull v. Wyeth Lab., Inc.,* 687 F.Supp. 77, 81 (S.D.N.Y.1988) (bench trial on inequitable conduct defense denied due to overlap with factual issues presented by legal defense of lack of utility); *Mag Instrument, Inc. v. J. Baxter Brinkmann Int'l Corp.,* 123 F.R.D. 543, 546–47 (N.D.Tex.1988) (bench trial on inequitable conduct defense denied due to overlap with factual issues presented by legal defense based on public use). *See also Construction Technology, Inc. v. Lockformer Corp.,* 713 F.Supp. 100, 107 (S.D.N.Y.1989) (decision regarding separate trial on inequitable conduct deferred because unclear whether inequitable conduct defense sufficiently distinct from underlying legal defense based on patentability). In this case, however, there is no such overlap. *See* Hr'g Tr. at 32–34 (3/21/95); Tel.Conf.Tr. at 40–49, 60–62 (3/23/95). Accordingly, a bench trial on the inequitable conduct defense is appropriate. *See Gardco,* 820 F.2d at 1213 ("Peerless has failed to show that the factual issues relating to its legal claim for patent infringement were so common with those relating to Gardco's equitable claim as to preclude a prior trial of the latter."); *Mechanical Plastic Corp. v. Rawlplug Co., Inc.,* No. 87–7862, 1989 U.S. Dist. LEXIS 14534, at *11–12, 1989 WL 149285, *4 (S.D.N.Y.1989) (bench trial on inequitable conduct defense held prior to jury trial on infringement). *See also Elkhart Brass Mfg. Co. v. Task Force Tips, Inc.,* 867 F.Supp. 782, 786–87 (N.D.Ind.1994) (inequitable conduct defense to be tried to court alone); *Avco Corp. v. PPG Industries, Inc.,* 867 F.Supp. 84, 87 n. 1 (D.Mass.1994) (inequitable conduct defense properly tried to court alone);

*Transmatic, Inc. v. Gulton Indus., Inc.,* 835 F.Supp. 1026, 1032 (E.D.Mich.1993), *aff'd,* No. 94–1315, 94–1316, (Fed.Cir. May 1, 1995) (no right to jury on issue of inequitable conduct).

2. *Defendants' Motion to Correct The Inventorship of the '773 Patent Will Be Dealt With In Conjunction With The Bench Trial on USSC's Inequitable Conduct Defense*

USSC alleges that "Dr. Yoon erroneously swore that he was the sole inventor of all the claims in the application" and that "the error in failing to name Mr. Choi as a co-inventor was made without deceptive intent on the part of Mr. Choi." Am.Answer to Am. Compl. with Fourth Am.Countercls. at ¶¶ 23, 26. USSC contends that these allegations satisfy the requirements of 35 U.S.C. § 256 and provide a basis for correcting the patent even if Dr. Yoon acted with deceptive intent. Plaintiffs contend that § 256 permits correction of a patent to add the name of a co-inventor only if the omission occurred without deceptive intent on the part of the inventorship entity, which, in this case, includes Dr. Yoon.

The statute seems to permit correction of the patent to add a co-inventor provided there was no deceptive intent "on his part," and there is something to be said for giving an innocent co-inventor an interest in a patent rather than declaring the patent unenforceable and relegating him to whatever remedy he might have against the named inventor. *See* 1 Donald S. Chisum, *Patents* § 2.04[4][c] (1994). On the other hand, the statute is concerned with correcting omissions that occur "through error," as opposed to deception, and the legislative history states that the statute permits correction of "a bona fide mistake." *See* S.Rep. No. 1979, 82d Cong., 2nd Sess. 7 (1952), *reprinted in* 1952 U.S.C.C.A.N. 2394, 2401; H.R.Report No. 1923, 82d Cong., 2d Sess. (1952), *quoted in Bemis v. Chevron Research Co.,* 599 F.2d 910, 912 (9th Cir.1979), *cert. denied,* 444 U.S. 966, 100 S.Ct. 454, 62 L.Ed.2d 378 (1979).

Some courts have said that an error may be corrected if it was inadvertent. *See Iowa*

*State Univ. Research Found., Inc. v. Sperry Rand Corp.,* 444 F.2d 406, 410 (4th Cir.1971); *Dee v. Aukerman,* 625 F.Supp. 1427, 1428 (S.D.Ohio 1986). Others have said that the statute does not permit correction if the named inventor acted with deceptive intent. *See Bemis v. Chevron Research Co.,* 599 F.2d at 912 ("[pre–1982 version of s]ection 256 requires that acts giving rise to the need for amendment or correction be inadvertent, brought about 'by error without deceptive intention.'"); *General Electric Co. v. Brandon,* No. 92–438, 1992 WL 394933 at *3, 1992 U.S.Dist. LEXIS 19869 at *8 (N.D.N.Y. Dec. 21, 1992) ("at a minimum, there must be a lack of deceptive intention on the part of the person originally named as the inventor"); *Rival Mfg. Co. v. Dazey Products Co.,* 358 F.Supp. 91, 102 (W.D.Mo.1973) (pre–1982 version of § 256 does not permit correction of inexcusable deliberate failure to disclose). The Federal Circuit has "subscribe[d]" to the "review" of the statute's history and remedial purpose presented in *Iowa State University v. Sperry* and *Dee v. Aukerman,* but it has not decided the issue presented here. *See MCV, Inc. v. King–Seeley Thermos Co.,* 870 F.2d 1568, 1570 (Fed.Cir.1989), *reh'g denied,* No. 88–1328, (Fed.Cir. May 12, 1989).

Whether § 256 permits correction of the patent to add Mr. Choi as a co-inventor is an issue of obvious importance to all the parties. Rather than attempt to resolve this issue on the present record, it makes more sense to deal with the issue in conjunction with the bench trial on USSC's inequitable conduct defense. The evidence presented at the bench trial may show that Dr. Yoon committed no error in omitting to name Mr. Choi, that he made a good faith mistake or that he acted with deceptive intent.

Consistent with the foregoing, the defendants' motion for an evidentiary hearing is granted [doc. # 457]; plaintiffs' motion to have all issues tried before the same jury is denied [doc. # 476]; defendants' motion to strike is denied [doc. # 492]; defendants' motion for leave to file an amended answer and counterclaim is granted with regard to the request to amend the answer, which is unopposed, and will be held in abeyance with regard to the request to amend the counter-claims [doc. # 495]; plaintiffs' motion to try phase I with a jury whose status would be determined thereafter is denied [doc. # 496]; plaintiffs' motion for summary judgment on USSC's fourth defense is denied [doc. # 505–1]; plaintiffs' motion to dismiss USSC's fifth defense is denied without prejudice to renewal following the presentation of evidence at the bench trial on the inequitable conduct defense [doc. # 505–2]; defendants' motion for leave to file a reply memorandum [doc. # 514] and plaintiffs' motion for leave to file a reply memorandum [doc. # 515] are granted.

So ordered.